ORIGINAL

FILED

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

JUN 17 2014

U.S. COURT OF
FEDERAL CLAIMS

JEM TRANSPORT, INC.,

    Plaintiff,

v.

CASE NO. 14-518C

THE UNITED STATES,

    Defendant.
_____/

## COMPLAINT

JEM Transport, Inc. sues The United States and alleges:

### JURISDICTION AND PARTIES

1.     Plaintiff JEM Transport, Inc. ("JEM") is a Florida corporation.

2.     Defendant is The United States.

3.     This Court has subject matter jurisdiction of this claim pursuant to the Contracts Disputes Act of 1978 and 28 U.S.C. § 1491 because this action involves a *de novo* claim for breach of a federal contract for services provided to the United States Postal Service (USPS), which is an "executive agency" pursuant to 41 U.S.C. § 7102(a).

4.     All conditions precedent to the filing of this action have occurred or have been performed or waived.

5.     In particular, this *de novo* action has been timely filed pursuant to 41 U.S.C. § 103(b)(3) because the contracting officer's decision was received less than 12 months from the date of filing of this action.

1

6. Moreover, the claim was properly certified and therefore satisfied all of the requirements of 41 U.S.C. § 7103(b) when it was submitted to the contracting officer, namely, that it was made in good faith; the supporting data were accurate and complete to the best of the contractor's knowledge and belief; the amount requested accurately reflected the contract adjustment for which the contractor believed that the United States was liable; and the certifier was authorized to certify the claim on behalf of the contractor.

## GENERAL ALLEGATIONS

7. This is an action concerning contract HCR 331M9 (hereinafter, the "Contract").

8. JEM has been faithfully hauling mail for the USPS for over 26 years and has operated with a documented efficiency and "on time" rate of over 99%.

9. In 2007, the first bidding for the Contract inexplicably resulted in an award to a company named "FSR/PCC" whose bid was $254,581 per year higher than JEM's bid. JEM successfully challenged the bid and the USPS voided the award and scheduled re-bidding.

10. In 2008, during the second bidding, the Contract was again inextricably awarded to a company (named MLM Trucking) whose bid was $229,969 per year higher than JEM's bid. Again, JEM successfully challenged the bid and the award was voided and set for re-bidding.

11. Based on the history of already being twice voided, the USPS appointed a new contracting officer from the Northeast region to oversee the bid process.

12. JEM incurred considerable costs and attorneys' fees in connection with these two bid challenges.

13. After the third round of bidding, the Contract was awarded to JEM under a contract term of September 13, 2008 thru March 31, 2011.

14. The Contract was then renewed for the period April 1, 2011 thru June 30, 2015. The USPS represented in writing that the primary reason for the renewal was based on the desire to maintain satisfactory transportation levels and existing prices. Copies of the Contract renewal papers (reflecting that the Contract was renewed "full term") and related letters, including a March 23, 2011 letter from the contracting officer confirming the renewal, are Composite **Exhibit A** hereto.

15. Approximately 13 months into the renewed period, on May 1, 2012, JEM trucks timely reported for duty but USPS refused to load the trucks.

16. JEM was told that the contract had been terminated.

17. JEM never received official notice of this "termination."

18. JEM learned later that its four-year renewal contract had been "split" into three separate contracts to run for six months each, and the Contract had been placed out for bid to a select group of contractors to the exclusion of JEM. In short, JEM was excluded from the bid on its very own contract even though it was the incumbent bidder.

19. Not surprisingly, giving the suspicious bidding history, the new bids were awarded to MLM Trucking and FSR/PCC, the same two companies whose original inflated bids on the Contract were previously challenged and vacated.

20. JEM was actually locked out of the electronic bidding process by Keith Harris – the Transportation Contracting Officer, Southern TCMT.

21. JEM's Contract was thus terminated without notice, reason, or rationale and it was improperly excluded from the bidding process as the incumbent contractor.

22. On information and belief, JEM suspects that there is some type of improper relationship and/or conflict of interest between the previous failed bidders and Keith Harris that warrants investigation by the Inspector General.

23. JEM is obligated to pay its attorneys' a reasonable fee for their services in prosecuting this action.

## COUNT I – BREACH OF CONTRACT

24. JEM repeats and realleges paragraphs 1 through 23 of this Complaint as though fully incorporated herein.

25. The United States materially breached the Contract by wrongfully treating it as "terminated" on April 30, 2012 and failing to honor the full contract period thru June 30, 2015.

26. In addition, the United States materially breached the Contract by failing to pay JEM for "late slip" payments due for the following months: November 2010, December 2010, January 2011, July 2011, August 2011, September 2011, December 2011, and January 2012.

27. JEM has been directly and proximately damaged by not receiving the Contract profits for the full contract period and also by not being paid the outstanding "late slip" payments.

WHEREFORE, JEM demands judgment for damages; costs of suits; attorneys' fees; and all other relief that the Court deems just and proper.

## COUNT II – PROMISSORY ESTOPPEL

28. JEM repeats and realleges paragraphs 1 through 23 of this Complaint as though fully incorporated herein.

29. The United States knew or reasonably should have known that its promise to renew the Contract would induce action by JEM

30. JEM justifiably relied on the United States' promise by, among other things, showing up for work every day for over a year; not bidding for other jobs; and continuing to maintain employees and extend necessary equipment leases.

31. Injustice can be avoided only by enforcing the United States' promise.

32. JEM has been directly and proximately damaged.

## COUNT III – BREACH OF CONTRACT IMPLIED IN FACT

33. JEM repeats and realleges paragraphs 1 through 23 of this Complaint as though fully incorporated herein.

34. The Contract renewal was "implied in fact" by virtue of the letters sent from the USPS to JEM, and the statements made to and its actions towards JEM, including the continued course of performance.

35. United States breached the implied-in-fact Contract renewal by treating it as terminated on April 30, 2012 and failing to honor it for the full contract period thru June 30, 2015.

36. JEM has been directly and proximately damaged.

WHEREFORE, JEM demands judgment for damages; costs of suits; attorneys' fees; and all other relief that the Court deems just and proper.

## JURY TRIAL DEMAND

JEM hereby demands a trial by jury on all issues which are so triable.

Dated: June 11, 2014                    Respectfully Submitted,

Matthew R. Simring, Esq.
Suite 302
10400 Griffin Road
Cooper City, Florida 33328
Telephone:  (954) 816-2417
Facsimile:   (954) 867-1618

Primary E-Mail: matthew@simringlaw.com

By: _____
Matthew R. Simring
(Florida Bar No. 0175102)